No. 102.—WALTER WADSWORTH, plaintiff in error, *vs.* JOSEPH THOMPSON, administrator of the estate of M. W. Furmalt, defendant in error.

[1.] On an affidavit of illegality, the plaintiff's Counsel closed his evidence and his address to the Jury, without reading the *fi.fa.* or the affidavit. The defendant's Counsel then insisted before the Jury, that this omission must prevent them from finding for the plaintiff, who, thereupon, asked leave to then read to the Jury the *fi. fa.* and affidavit: *Held,* that the leave should have been granted to him.

Illegality, in DeKalb Superior Court. Tried before Judge BULL, April Term, 1855.

Richard Peters obtained judgment and execution against John Wadsworth, Walter Wadsworth and Moses W. Furmalt, in the life-time of the latter. Walter Wadsworth paid off the execution and applied to and obtained an order from the Inferior Court of said County, to proceed against Furmalt for one half of the debt, on the ground that they were co-securities for John Wadsworth. To the *fi. fa.* Furmalt filed an affidavit of illegality, alleging that he was security for both the Wadsworths, who were principals in the debt, and that the payment of the *fi. fa.* by Walter Wadsworth discharged him.

The issue on the affidavit of illegality, was submitted to a Jury, when the plaintiff proved by John Wadsworth, that he (witness) was alone interested in the consideration of the note

upon which the judgment was founded, and closed his case. The Counsel for defendant having introduced no evidence, proceeded to state his points to the Jury; and among other things, stated that plaintiff had not tendered in evidence the *fi. fa.* and affidavit of illegality; and that, therefore, the Jury could not find for the plaintiff. Counsel for plaintiff then moved the Court to be permitted to introduce the *fi. fa.* and execution in evidence. The Court refused the motion and dismissed the levy, and Counsel for plaintiff excepted.

EZZARD, for plaintiff in error.

BLECKLEY, for defendant in error.

*By the Court.*—BENNING, J. delivering the opinion.

Even if the *fi. fa.* and affidavit of illegality, in cases of this sort, are to be considered as belonging to evidence rather than to pleading, we think that they should, in this case, have been admitted to the Jury by the Court, at the time when the Court was asked to admit them to the Jury. That the Court had the power to admit them to the Jury at that time, there can be no doubt. And the case was one in which, as it appears to us, the power should have been exercised.

The defendant did not put his objection to the admission of the papers, on the ground that he would be surprised by them if admitted. And the nature of them is such, that if they had been admitted, it is probable that they would not have drawn a single comment from his Counsel. They could serve to establish only the formal part of the plaintiff's case.

Now, if the power to admit evidence is not to be exercised in such a case as this, what kind of a case is it in which the power is to be exercised? See *Taylor & Taylor vs. Smith,* (16 *Ga. R.* 11.)